Michelle E. Armond (SBN 227439)
michelle.armond@armondwilson.com
**ARMOND WILSON LLP**
895 Dove Street
Suite 300
Newport Beach, California 92660
Telephone: 949.932.0778
Facsimile: 512.345.2924

(*additional counsel listed on next page*)

**Attorneys for Plaintiffs
Wi-LAN Inc., Wi-LAN USA, Inc. &
Wi-LAN Labs, Inc.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WI-LAN INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> HUIZHOU TCL MOBILE COMMUNICATION CO. LTD., et al., <br><br> Defendants. | Case No.  8:19-cv-00870 JVS (ADSx) <br><br> [Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth] <br><br> **STIPULATED PROTECTIVE ORDER** |

Barry J. Bumgardner (*Pro Hac Vice*)
barry@nbafirm.com
Eric M. Albritton (*Pro Hac Vice*)
ema@nbafirm.com
John P. Murphy (*Pro Hac Vice*)
murphy@nbafirm.com
**NELSON BUMGARDNER ALBRITTON P.C.**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: 817.377.9111

Attorneys for Plaintiffs
WI-LAN INC., WI-LAN USA, INC. & WI-LAN LABS, INC.

John P. Schnurer (SBN 185725)
JSchnurer@perkinscoie.com
Yun (Louise) Lu (SBN 253114)
LLu@perkinscoie.com
**PERKINS COIE LLP**
11452 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: 858.720.5700
Facsimile: 858.720.5799

Attorneys for Defendants
HUIZHOU TCL MOBILE COMMUNICATION CO. LTD., TCT MOBILE
(US) INC., AND TCL MOBILE COMMUNICATION (HK) CO., LTD

# I. PURPOSES AND LIMITATIONS

A. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XV(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

# II. GOOD CAUSE STATEMENT

A. This action is likely to involve discovery of confidential and proprietary information, including trade secrets, customer and

pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE" (as these terms are defined, *infra*) for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.  DEFINITIONS

A.  <u>Action</u>: *Wi-LAN Inc. v. Huizhou TCL Communication Co. Ltd.*, Case No.  8:19-cv-00870 JVS (ADSx).

B.  <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

C.  <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.  <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

E.  <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL —
SOURCE CODE".

F.    Disclosure or Discovery Material:   All items or information,
regardless of the medium or manner in which it is generated, stored,
or maintained (including, among other things, testimony, transcripts,
and tangible things), that are produced or generated in disclosures or
responses to discovery in this matter.

G.    Expert:  A person with specialized knowledge or experience in a
matter pertinent to the litigation who has been retained by a Party or
its counsel to serve as an expert witness or as a consultant in this
Action.

H.    "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"
Information or Items: extremely sensitive "Confidential Information
or Items," disclosure of which to another Party or Non-Party would
create a substantial risk of serious harm that could not be avoided by
less restrictive means.

I.    "HIGHLY CONFIDENTIAL — SOURCE CODE" Information or
Items: extremely sensitive "Confidential Information or Items"
representing computer code and associated comments and revision
histories, formulas, engineering specifications, or schematics that

define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

J.     House Counsel:  Attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

K.     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

L.     Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with or assisting a law firm which has appeared on behalf of that party, and includes support staff.

M.     Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

N.     Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

O.   <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

P.   <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Q.   <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV. SCOPE**

A.   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.     Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

C.     The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## V.     DURATION

A.     Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and

exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI. DESIGNATING PROTECTED MATERIAL

A. Exercise of Restraint and Care in Designating Material for Protection

1. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to

impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.    Manner and Timing of Designations

1.    Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.    Designation in conformity with this Order requires the following:

a.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY": or "HIGHLY CONFIDENTIAL — SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.      A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend

("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY": or "HIGHLY
CONFIDENTIAL — SOURCE CODE") to each page that
contains Protected Material.  If only a portion or portions
of the material on a page qualifies for protection, the
Producing Party also must clearly identify the protected
portion(s) (e.g., by making appropriate markings in the
margins).

c.    For testimony given in depositions, that the
Designating Party identify the Disclosure or Discovery
Material on the record, before the close of the deposition
all protected testimony

d.    For information produced in form other than
documentary and for any other tangible items, that the
Producing Party affix in a prominent place on the exterior
of the container or containers in which the information is
stored the legend CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL — ATTORNEYS' EYES ONLY" or
"HIGHLY CONFIDENTIAL — SOURCE CODE".  If only a
portion or portions of the information warrants

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.    Inadvertent Failure to Designate

1.    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.   Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

# VII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.    Timing of Challenges

1.    Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.    Meet and Confer

1.    The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for

an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

# VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

A.    Basic Principles

1.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XVI below.

2.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that

ensures that access is limited to the persons authorized under this Order.

B.   Disclosure of "CONFIDENTIAL" Information or Items

1.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.   The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.   The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c.   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.   The Court and its personnel;

e.    Court reporters and their staff;

f.    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter

and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

i.     During their depositions, persons designated as a representative by the Producing Party pursuant to Fed. R. Civ. P. 30(b)(6); and

j.     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

C.     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.

1.     Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

a.     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c.    The Court and its personnel;

d.    Court reporters and their staff;

e.    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

f.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

g.    During their depositions, persons designated as a representative by the Producing Party pursuant to Fed. R. Civ. P. 30(b)(6).

## X.    SOURCE CODE

A.    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY

CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

B.     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – SOURCE CODE" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – SOURCE CODE" information may be disclosed, as set forth in Sections IX.C.

C.     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 a.m. to 5:00 p.m. local time on business days) or at other mutually agreeable times. TCL will make its Source Code available for inspection in Perkins Coie's San Diego, California office. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that

there is no unauthorized recording, copying, or transmission of the source code. The Producing Party may require proper identification of all Source Code qualified persons before any access to a stand-alone secure computer, and each and every time a person accesses a stand-alone secure computer, the Producing Party may require each Source Code qualified person to complete a Source Code review log identifying: (1) the person's name; (2) the date and time access began; (3) the date and time access ended.

D.     The Producing Party shall produce Source Code in computer searchable format on the stand-alone computer. Each stand-alone computer shall, at the Receiving Party's request, include reasonable analysis tools appropriate for the type of Source Code. The Receiving Party shall provide the tools that it wishes to use to the Producing Party so that the Producing Party may install such tools on the stand-alone computers. The Receiving Party's Outside Litigation Counsel and/or experts may request that commercially available software tools for viewing and searching Confidential Source Code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Confidential Source Code consistent with all of the protections

herein. The Receiving Party must provide the supplying party with the licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Confidential Source Code Computer. The Receiving Party shall not at any time use any compilers, interpreters, or simulators in connection with the supplying party's Confidential Source Code. If the parties are unable to agree on the requested software tools, they may seek an Order from the Court after making a good faith effort to resolve their dispute.

E.    The persons who will review "HIGHLY CONFIDENTIAL – SOURCE CODE" on behalf of a Receiving Party shall be named in writing to the Producing Party at least seven court days in advance of the first time that such person reviews such "HIGHLY CONFIDENTIAL – SOURCE CODE," any expert or consultant proposed to review the source code must have been previously qualified pursuant to this Order, and the Producing Party may object in writing within three court days of such notice. For any subsequent reviews by such Source Code qualified persons, the receiving party shall give at least 24 hours' notice to the Producing Party of such review.  Notice must be given during regular business hours, and the

hours that the source code will be made available shall not be altered based upon the timing of the notice.

F.     The Receiving Party's Outside Counsel, consultants, and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes on the Source Code Computer itself. If any individual inspecting Source Code seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the Source Code Review Room. All such notes shall be marked "HIGHLY CONFIDENTIAL - SOURCE CODE." The parties acknowledge that any notes or other work product taken or developed while in the Source Code Review Room may be later transcribed in electronic form.

G.     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (C) in the first instance.  The Receiving party shall

not request prints of Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the stand-alone computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code in filings, depositions, proceedings, expert reports, and related drafts and correspondence. No outside electronic devices, including but not limited to laptop computers, USB flash drives, zip drives, cell phones, portable printers, or devices with camera functionalities shall be permitted in the same room as the stand-alone computers. The Producing Party shall provide all such source code on colored, watermarked paper that includes bates numbers and the designation "HIGHLY CONFIDENTIAL - SOURCE CODE." Upon requests by Receiving Party for printing any such portion of Source Code, the Receiving Party shall log the location of the electronic file(s) for printing such that the electronic file(s) may be readily located on the stand-alone computer. Such logging may include, but is not limited to, complete filenames, directory paths, version numbers, and revision numbers. Producing party shall

provide on the stand-alone computer tools sufficient to create and print said log, for example, by copy-pasting the filenames, directory paths, version numbers, and/or revision numbers of the electronic file(s) into a document created in a word processing program and printing said document. The Receiving Party shall provide this log to the Producing Party at the end of each review session. The Receiving Party's failure to adequately log the location of the file(s) it prints shall be at least one non-exclusive ground on which the Producing Party may object and properly refuse to produce the printed pages.

H.    The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.

Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

I.      Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this action. No person shall review or analyze any Source Code for purposes unrelated to this action, nor may any person use any knowledge gained as a result of reviewing Source Code in this action in any other pending or future dispute, proceeding, patent prosecution, patent reexamination, or litigation.

J.      Upon the final disposition of this suit by the Court or a Court of appellate jurisdiction, each recipient will immediately destroy all printed pages of the Source Code and any notes or other work product reflecting Source Code and certify destruction thereof to the supplier promptly.

## XI.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED     IN OTHER LITIGATION

A.      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

1.    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

2.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

3.    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking

protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## XII. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non-Party, if requested.

C. If the Non-Party fails to seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

# XIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

# XIV. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A.      Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine. or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is

inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material ("Clawed-Back Materials") it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity shall promptly notify the recipient(s) in writing.

B.    Each Party receiving such notice shall immediately return or destroy such all such Clawed-Back Materials, and all copies thereof, and shall certify that all such Clawed-Back Materials have been returned or destroyed within five (5) days. No use shall be made of Clawed-Back Materials during depositions, through motion practice, at trial, or otherwise. Outside Counsel and their vendors shall not be required to delete Clawed-Back Materials that may reside on their respective firms' electronic back-up systems, but they are precluded from accessing or using such Clawed-Back Materials for any purpose.

C.    The party sending such notice shall provide a supplemental privilege log identifying such Clawed-Back Materials within fourteen (14) days of its notice. For inadvertently produced information that

would not otherwise have to be logged, no supplemental privilege log is required. Any party may move the Court for an Order compelling production of any Clawed-Back Materials pursuant to the discovery provisions of the Scheduling Order. The motion shall not assert as a ground for production the fact of the earlier inadvertent production. The motion shall also not disclose or otherwise use the content of the Clawed-Back Materials (beyond any information appearing on the above-referenced privilege log).

## XV. MISCELLANEOUS

A.     Right to Further Relief

1.     Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.     Right to Assert Other Objections

1.     By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.     Filing Protected Material

1.     A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XVI. FINAL DISPOSITION

A.     After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not

retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: November 25, 2019          */s/ Michelle E. Armond*
                                  Michelle E. Armond (SBN 227439)
                                  michelle.armond@armondwilson.com
                                  **Armond Wilson LLP**
                                  19100 Von Karman Avenue
                                  Suite 400
                                  Irvine, California 92612
                                  Telephone: 949.932.0778

Barry J. Bumgardner (*Pro Hac Vice*)
barry@nbafirm.com
Eric M. Albritton (*Pro Hac Vice*)
ema@nbafirm.com
John P. Murphy (*Pro Hac Vice*)
murphy@nbafirm.com
**Nelson Bumgardner Albritton PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: 817.377.9111

**Attorneys for Plaintiffs**
**Wi-LAN Inc., Wi-LAN USA, Inc. &**
**Wi-LAN Labs, Inc.**

Dated: November 25, 2019        */s/ John P. Schnurer*
John P. Schnurer
jschnurer@perkinscoie.com
Yun (Louise) Lu
llu@perkinsoie.com
**Perkins Coie LLP**
11452 El Camino Real, Suite 300
San Diego, CA 92130Telephone:
858.720.5700
Facsimile: 858.720.5799

**Attorneys for Defendants**
**Huizhou TCL Mobile**
**Communication Co. Ltd., TCT**
**Mobile (US) Inc., and TCL Mobile**
**Communication (HK) Co., Ltd.**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: December 2, 2019        */s/ Autumn D. Spaeth*
HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

35

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issue by the United States District Court for the

Central District of California on _____ in the case of *Wi-LAN*

*Inc. v. Huizhou TCL Communication Co. Ltd.*, Case No. 8:19-cv-00870

JVS (ADSx). I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States

District Court for the Central District of California for the purpose of

enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action. I hereby

appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____